1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7   United States of America,                    Case No. 01-cr-40112-CW-2   (KAW)
8               Plaintiff,
9       v.                                        ORDER OF DETENTION PENDING
                                                  SUPERVISED RELEASE VIOLATION
10  Victor Dante Young,                           HEARING
11              Defendant.
12
13                          I.    BACKGROUND
14          On December 10, 2001, Defendant Victor Dante Young was sentenced to 57 months in
15  custody and 3 years of supervised release for committing armed credit union robbery in violation
16  of 18 U.S.C. Section 2113(a) and (b).  Defendant had been out of custody on supervised release
17  since March 2014. On August 8, 2014, Defendant's probation officer filed a petition alleging that
18  Defendant violated the conditions of his supervised release.  The alleged violations were the
19  commission of another federal, state or local crime, travel outside of the judicial district without
20  permission of the probation officer, and failure to notify the probation officer at least 10 days prior
21  to any change in residence.  The Duty Judge found probable cause and issued a no bail warrant for
22  Defendant's arrest on August 8, 2014.
23          On October 21, 2014, a hearing was held on the Government's motion to detain Defendant
24  pending his supervised release violation hearing.  Defendant was present, in custody, and
25  represented by Edward Smock.  Assistant United States Attorney Keslie Stewart appeared on
26  behalf of the Government.  Probation Officer Shaheen Shan was also present.  For the reasons
27  stated below, the court orders that Defendant be detained.
28

United States District Court
Northern District of California

## II.   LEGAL ANALYSIS

Defendant's sentence for the Class B felony included a 3 year term of supervised release pursuant to 18 U.S.C. § 3583(b).  In so ordering, the Court imposed conditions of supervision, including the standard condition prohibiting the commission of another federal, state or local crime, standard conditions that the defendant shall not leave the judicial district without permission of the court or probation officer, and that he shall notify the probation officer at least 10 days prior to any change is residence.

On or about August 3, 2014, Defendant was arrested in Pennsylvania for violating Pennsylvania Code Section 3925(a) – intentionally receiving, retaining or disposing of movable property, namely credit card and credit card information belonging to victims with no intent to restore it, and a violation of Pennsylvania Code 780-113()(31)(i) – possession of marijuana for personal use, felonies. During a search of the vehicle driven by Defendant at the time of his arrest, officers found several Visa gift cards appearing tampered with and a marijuana cigar. On August 6, 2014, the probation officer conducted an unannounced home visit at Defendant's provided residence in Oakland, California. The Probation Officer contacted Defendant's grandmother who advised her that she had not seen the defendant in a few weeks and that he had not been at the residence. The grandmother did not know of his whereabouts and had not spoken to Defendant in a few weeks. The Defendant did not have permission to travel outside the Northern District of California.

Since Defendant is charged with a supervised release violation, the burden of establishing by clear and convincing evidence that he is not a flight risk or a danger to the community rests with the defendant.  Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. 3143.  Defendant's underlying conviction was for Armed Credit Union Robbery.  This is Defendant's 6th Form 12 since his release. Prior Forms 12 have involved the Defendant's failure to follow directions of the probation officer, failure to participate in drug/alcohol treatment, positive drug tests, failure to participate at residential reentry centers, and committing a new crime – use of a forged credit card with intent to defraud. Despite prior Forms 12 resulting in modifications and/or revocations of his supervised release, Defendant continues to commit violations. Most troubling, is that he disappeared for three

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

weeks and was found in Pennsylvania after being arrested for another crime there. He had only been out of custody since March 2014.

In light of the above, and having considered the proffers by the parties and the probation officer, and the arguments of counsel, the Court finds that Defendant has not established by clear and convincing evidence that he is not a risk of flight or a danger to the community.

Therefore, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated: November 17, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California